UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGEL ANTONIO SALAS PUCHE,

Petitioner,

v. Case No. 3:26-cv-2578-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Angel Antonio Salas Puche, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on September 25, 2026. See generally Petition. Salas Puche, a citizen of Venezuela, was temporarily detained at the border and paroled into the United States on November 14, 2023.[1] See Petition at 2, 6; Doc. 7-1 at 5. On June 28, 2026, United States Immigration and Customs Enforcement (ICE) re-detained him. Petition at 4. As relief, Salas

[1] The Petition contains internal contradictions regarding the date of Salas Puche's parole, and it also conflicts with ICE's records. In the Petition, Salas Puche alleges that he was paroled into the country both in April 2023, Petition at 2, and on November 15, 2023, id. at 6. But ICE's records reflect that he was granted parole on November 14, 2023. Doc. 7-1 at 5. Ultimately, these discrepancies do not affect the Court's ruling.

Puche seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 7.

Salas Puche argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 6. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Salas Puche, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Salas Puche was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Salas Puche's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2]

---

[2] Because the Court finds that Salas Puche is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting

Within **seven days** of this Order, Respondents shall either afford Salas Puche an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[3] If Respondents release Salas Puche, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[3] Salas Puche is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).